UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JAMIE PARRIS, | Civil Action No.: 4:21-cv-00953-TER |
| Plaintiff, | |
| -vs- | **ORDER** |
| KILOLO KIJAKAZI,[1] | |
| Acting Commissioner of Social Security, | |
| Defendant. | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits(DIB) and supplemental security income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I.  RELEVANT BACKGROUND

**A.   Procedural History**

Plaintiff filed an application for DIB and SSI on November 7, 2019, alleging disability beginning January 1, 2018. His claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was December 9, 2020, at which time Plaintiff testified. (Tr. 17). The Administrative Law Judge (ALJ) issued an unfavorable decision on January 6, 2021, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 31). Plaintiff

---

[1] Kilolo Kijakazi is the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted for Defendant Andrew Saul who was the Commissioner of Social Security when this action was filed.

filed a request for review of the ALJ's decision, which the Appeals Council denied on March 16, 2021. (Tr. 1-3). On April 1, 2021, Plaintiff filed this action. (ECF No. 1).

**B.     Plaintiff's Background and Medical History**

Plaintiff was born on September 10, 1979, and was thirty-eight years old on the alleged onset date. (Tr. 30). Plaintiff has past relevant work of ambulance driver, correctional officer, store laborer, and driver. (Tr. 29). Plaintiff initially alleged disability due to major depression, bipolar, and migraines. Plaintiff later alleged knee problems.

**C.     The ALJ's Decision**

In the decision of January 6, 2021, the ALJ made the following findings of fact and conclusions of law (Tr. 17):

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2022.

2. The claimant has not engaged in substantial gainful activity since January 1, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: inflammatory arthritis in the right knee, depression, mild neurocognitive disorder due to traumatic brain injury, bipolar disorder, and migraines (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to never climbing ladders, ropes, or scaffolds and frequent kneeling. He is further limited to fluorescent office type lighting and requires the ability to wear sunglasses in sunlight. He is limited to Dictionary of Occupational Titles Mental reasoning level 2, which is defined as applying commonsense

       understanding to carry out detailed but uninvolved written or oral instructions, and dealing with problems involving a few concrete variables in or from standardized situations. The claimant can frequently interact with the public, coworkers, and supervisors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 10, 1979 and was 38 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

## II. DISCUSSION

Plaintiff argues the ALJ erred in formulating the RFC determination, specifically as to concentration, persistence, and pace. The Commissioner argues the decision was supported by substantial evidence.

### A.  LEGAL FRAMEWORK

#### 1.  The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for

benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These

---

[2] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner

are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.     ANALYSIS**

**RFC**

Plaintiff argues the ALJ erred in formulating the RFC determination, specifically as to concentration, persistence, and pace.

An adjudicator is solely responsible for assessing a claimant's RFC. 20 C.F.R. § 416.946(c).

In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *2. This ruling provides that: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96–8, *7. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* Additionally, " 'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.' " *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (*quoting Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision. *See Craig*, 76 F.3d at 595.

Under *Mascio*, once an ALJ has made an earlier finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in the RFC assessment or explain why no such limitation is necessary. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). The Fourth Circuit held that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the RFC or the hypothetical question to the vocational expert to simple, routine tasks or unskilled work. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). "As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The functional area of "concentration,

7

persistence and pace" refers to the "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate" completion of work. 20 C.F.R. pt. 404, Subpart P, App. 1 § 12.00(c)(3).

The RFC finding pertinent here is: "He is limited to Dictionary of Occupational Titles Mental reasoning level 2, which is defined as applying commonsense understanding to carry out <u>detailed but uninvolved written or oral instructions</u>, and dealing with problems involving a few concrete variables in or from standardized situations." (Tr. 22).

In the RFC narrative, the ALJ noted the prior ALJ found an RFC of "simple, routine tasks performed <u>two hours</u> at a time." (Tr. 27, 83, 85). The ALJ found the opinion partially persuasive but noted <u>physical</u> impairment limitations had changed as Plaintiff had knee issues after the date of the prior decision. (Tr. 27-28).

In the RFC narrative, the ALJ noted state agency non-examining consultants, Dr. Harkness and Dr. Clanton's opinions were mostly persuasive as they were supported by the record and consistent with other medical evidence where Plaintiff's mental impairment was severe but not disabling. (Tr. 29). The ALJ did not mention that the two specialists opined a specific limitation of "able to attend to and perform simple tasks without special supervision for at least <u>2-hour</u> periods." (Tr. 112, 143). They also opined Plaintiff was able to carry out short and simple instructions but <u>could not understand or carry out detailed instructions</u>. (Tr. 112, 143).

The ALJ then concluded that the RFC the ALJ found was supported by the opinions of the prior ALJ and the opinions of the non-examining consultants, without addressing the conflicting RFC mental findings. (Tr. 29).

There are three findings on record that Plaintiff is opined to be limited to performing work

within two hour time increments and two non-examining specialist opinions that Plaintiff could not carry out or understand detailed instructions. The ALJ stated that those three opinions support his RFC which does not discuss hours of sustained attention/concentration and which finds Plaintiff can carry out detailed but uninvolved instructions. The ALJ does not explain why such limits were excluded or resolve the inconsistency between the RFC determined and those opinions, which the ALJ simply states supports the ALJ's RFC. The ALJ does not build an accurate and logical bridge from the evidence to his conclusion. *Woods v. Berryhill*, 888 F.3d at 686, 694 (4th Cir. 2018). It is not clear whether substantial evidence supports the ALJ's findings. The court cannot meaningfully review the ALJ's decision here where the court is left to guess how the ALJ arrived at the RFC determination with the persuasiveness given to the three opinions. There may be substantial evidence to support the ALJ's findings and conclusions; however, the court is unable to conduct a proper review as presented.

The case is remanded for the ALJ to determine and explain the RFC finding in relation to the three opinions credited by the ALJ in regard to concentration, persistence, and pace and resolve any inconsistencies. The decision should provide substantial evidence underlying the ALJ findings. It does not do so here, and thus precludes this court from meaningful review.

## CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections

405(g) and 1338(c)(3), the Commissioner's decision is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

|  |  |
|---|---|
| August 18, 2022<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |